No. 22-55908

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HEALTH FREEDOM DEFENSE FUND, ET AL.,
*Plaintiffs and Appellants*,

v.

MEGAN REILLY, ET AL.,
*Defendants and Appellees*.

On Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:21-cv-08688-DSF-PV
Honorable Dale S. Fischer, Judge Presiding

## APPELLEE'S OPPOSITION TO APPELLANTS' REQUEST FOR JUDICIAL NOTICE

Connie L. Michaels, SBN 128065
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308 - Facsimile: 310.553.5583
Email: cmichaels@littler.com

Carrie A. Stringham, SBN 272731
LITTLER MENDELSON, P.C.
500 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.515.1836 - Facsimile: 619.340.4283
Email: cstringham@littler.com

Attorneys for Defendants and Appellees

## **TABLE OF CONTENTS**

                                                                                 **Page**

I.    INTRODUCTION ..................................................................................5

II.   LEGAL ARGUMENT ..........................................................................6

       A.   This Court Cannot Take Judicial Notice Of The Newspaper Article Or The Facts Purported Therein......................................6

       B.   Appellants' Request for Judicial Notice Renders Their Appeal Moot and Requires Its Dismissal................................................7

       C.   The Parties Have Not Briefed Before The District Court Or This Ninth Circuit Whether LAUSD's Continuation Of Its COVID-19 Vaccine Policy Was Rationally Related To A Legitimate Purpose ........................................................................9

III.  CONCLUSION ..................................................................................10

WORD LIMIT AND FORMAT REQUIREMENTS.............................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brach v. Newsom*,
 143 S. Ct. 854, 215 L.Ed.2d 87 (2023)..................................................................8

*Donovan v. Vance*,
 70 F.4th 1167 (9th Cir. 2023) ...............................................................6, 8, 9, 11

*Harris v. County of Orange*,
 682 F.3d 1126 (9th Cir. 2012) ..............................................................................7

*Health Freedom Def. Fund, v. President of U.S.*,
 71 F.4th 888 (11th Cir. 2023) ...............................................................................8

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*,
 456 U.S. 844 (1982)............................................................................................10

*Lowry v. Barnhart*,
 329 F.3d 1019 (9th Cir. 2003) ..............................................................................6

*Monarch Content Mgmt. LLC v. Arizona Dept. of Gaming*,
 971 F.3d 1021 (9th Cir. 2020) ..............................................................................6

*Navy Seal 1 v. Austin*,
 No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *cert.*
 2023 WL 6377949 (U.S. Oct. 2, 2023).................................................................9

*In re Oracle Secur. Litig.*,
 627 F.3d 376 (9th Cir. 2010) ................................................................................7

*Protectmarriage.com-Yes on 8 v. Bowen*,
 752 F.3d 827 (9th Cir. 2014) ................................................................................8

*Regalado v. Dir., Ctr. for Disease Control*,
 No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) .................................9

*Robert v. Austin*,
 72 F.4th 1160 (10th Cir. 2023) .............................................................................8

*Roth v. Austin*,
　62 F.4th 1114 (8th Cir. 2023) ................................................................................8

*Short v. Berger*,
　2023 WL 2258384 (9th Cir. Feb. 24, 2023) .........................................................8

*U.S. Navy SEALs 1-26 v. Biden*,
　72 F.4th 666 (5th Cir. 2023) .................................................................................8

## Other Authorities

FRE 201 ......................................................................................................... 6, 7

**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

**I.      INTRODUCTION**

Defendants and Appellees Alberto Carvalho (in his official capacity as Superintendent of the Los Angeles Unified School District ["LAUSD"]), Ileana Davalos (in her official capacity as Chief Human Resources Officer for the LAUSD), and George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin (in their official capacities as members of the LAUSD governing board) (collectively "Appellees") file this opposition to Appellants' request for judicial notice.

Appellees do not contest, and agree to, the request of Plaintiffs and Appellants Health Freedom Defense Fund, et al.'s (collectively "Appellants") that this Court take judicial notice of the fact that, on September 26, 2023, the LAUSD voted to rescind the mandatory COVID-19 vaccination policy that it issued during the Fall 2021.

However, Appellees oppose this Court taking judicial notice of the purported news article attached as Exhibit "A" to Appellants' request for judicial notice and the alleged facts set forth in that article. Indeed, Appellants' speculation that LAUSD voted to rescind the COVID-19 vaccination policy "in response to ridicule" of its oral argument is not only unsupported by any evidence, but also patently false. Appellees oppose Appellants using the judicial notice request to assert this

argument, which amounts to unauthorized supplemental briefing.

Further, the COVID-19 vaccination policy that was rescinded is the same policy Appellants sued to enjoin in this action. As such, Appellants' request for judicial notice places a fact before this Court which renders their appeal moot and requires its dismissal. (*Donovan v. Vance,* 70 F.4th 1167, 1171-72 (9th Cir. 2023).)

If this Court is nevertheless inclined as part of its decision on appeal to consider the length of time LAUSD's COVID-19 vaccine policy remained in place, LAUSD respectfully requests supplemental briefing be allowed on the issue. At no point either before the District Court or before this Court has there been briefing, and no evidence has been introduced, with regard to whether the continuation of LAUSD's COVID-19 vaccine policy was rationally related to a legitimate purpose.

## II. LEGAL ARGUMENT

### A. This Court Cannot Take Judicial Notice Of The Newspaper Article Or The Facts Purported Therein

Broadly, an appellate court has the same power as a trial court to take judicial notice of a matter properly subject to such notice. (FRE 201; *Lowry v. Barnhart,* 329 F.3d 1019, 1024 (9th Cir. 2003); *Monarch Content Mgmt. LLC v. Arizona Dept. of Gaming,* 971 F.3d 1021, 1032, fn. 10 (9th Cir. 2020) (denying judicial notice of case-specific materials irrelevant to appellant's facial challenge).) Like district courts, appellate courts may take judicial notice of facts not subject to reasonable dispute because those facts are generally known within the trial court's territorial

jurisdiction; or they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (FRE 201, *Harris v. County of Orange,* 682 F.3d 1126, 1131-1132 (9th Cir. 2012); *In re Oracle Secur. Litig.,* 627 F.3d 376, 386, fn. 1 (9th Cir. 2010).)

Here, the contents of Exhibit A to Appellants' request for judicial notice fails to meet this standard. It cannot be accurately and readily determined from sources of reasonably unquestioned accuracy that the alleged facts contained in the purported newspaper article are undisputed. Indeed, Exhibit A is simply labelled "NEWS" without any explanation as to the source, let alone its accuracy. When examined, Exhibit A has pop up boxes that are covering portions of the text of the article, and parts of the article are cut-off. (RJN, Exhibit A.) Moreover, the article itself contains argument, disputed facts, and references irrelevant separate lawsuits, among other things. (RJN, Exhibit A.)

In short, although Appellees stipulate to this Court taking judicial notice of the fact that, on September 26, 2023, the LAUSD voted to rescind the mandatory COVID-19 vaccination policy that it issued during the fall of 2021, this Court should not exercise its discretion to take judicial notice of the article attached as Exhibit A to Appellants' request for judicial notice or the alleged facts contained therein.

**B. Appellants' Request for Judicial Notice Renders Their Appeal Moot and Requires Its Dismissal**

Numerous courts, including this Ninth Circuit, have held that challenges to

COVID-19 vaccination mandates are moot when those requirements are rescinded. (*Donovan,* 70 F.4th at 1171-1172 n. 5 ("We reject as meritless Plaintiffs' suggestions that either the 'capable of repetition, yet evading review' or 'voluntary cessation' exceptions to mootness apply here. *See, e.g., Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (capable of repetition yet evading review exception applies only to 'classes of cases that, absent an exception, would *always* evade judicial review,' which is not the case here given our opinion in *Mayes*); *Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854, 215 L.Ed.2d 87 (2023) (holding that the "mere possibility that California might again suspend in-person instruction is too remote to save this case" from mootness) (emphasis removed)."); *Short v. Berger,* Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023); *Health Freedom Def. Fund, v. President of U.S.,* 71 F.4th 888, 892-893 (11th Cir. 2023) (holding challenge to a non-military vaccine mandate was moot because "there [wa]s no longer any Mandate … to set aside or uphold"; "We find Appellees' contention that there is a reasonable expectation that the CDC will issue another nationwide mask mandate for all conveyances and transportation hubs to be speculative at best."); *U.S. Navy SEALs 1-26 v. Biden,* 72 F.4th 666 (5th Cir. 2023) (dismissing as moot an appeal challenging the military's COVID-19 vaccination mandate following the federal vaccine mandate's rescission); *accord Robert v. Austin,* 72 F.4th 1160 (10th Cir. 2023); *Roth v. Austin,*

8

62 F.4th 1114, 1119 (8th Cir. 2023); *Navy Seal 1 v. Austin,* No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *cert. denied sub nom. Creaghan v. Austin,* No. 22-1201, 2023 WL 6377949 (U.S. Oct. 2, 2023); *Regalado v. Dir., Ctr. for Disease Control,* No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) (affirming dismissal of case on mootness grounds where the challenged OSHA's COVID-19 vaccination mandate had been "withdrawn").)

As this Ninth Circuit has held, "[w]e cannot provide relief from" a vaccine mandate because it "no longer exist[s]," and therefore "we hold that this appeal is moot and dismiss" (*Donovan,* 70 F.4th at 1171-72.) Through Appellants' instant request for judicial notice, they ask this Court take judicial notice that, on September 26, 2023, the LAUSD voted to rescind the mandatory COVID-19 vaccination policy that it issued during the Fall 2021, and which Appellants sued to enjoin in this action. As this Court has held, it cannot provide relief from a COVID-19 vaccine mandate that no longer exists. As a result, this Court should hold that this appeal is moot and dismiss it.

### C. The Parties Have Not Briefed Before The District Court Or This Ninth Circuit Whether LAUSD's Continuation Of Its COVID-19 Vaccine Policy Was Rationally Related To A Legitimate Purpose

Through their request for judicial notice, Appellants speculate that LAUSD voted to rescind the COVID-19 vaccination policy "in response to ridicule" of its oral argument. Not only is this unsupported by any evidence, it is also patently false.

As a general matter, appellate courts are reluctant to make factual determinations based on information not available to the district court when it rendered its decision. So, it may be preferable for the court to remand the action to the district court for further proceedings to allow it to consider the previously unexamined information. (*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 867 (1982).)

If this Court is inclined to consider the length of time LAUSD's COVID-19 vaccine policy remained in place as part of its decision on appeal, LAUSD respectfully requests supplemental briefing on the issue be allowed. At no point before either the District Court or this Court has there been briefing as to whether the continuation of LAUSD's COVID-19 vaccine policy was rationally related to a legitimate purpose, and no evidence has been introduced regarding this issue.

### III. CONCLUSION

Appellees agree and stipulate that this Court take judicial notice that, on September 26, 2023, the LAUSD voted to rescind the mandatory COVID-19 vaccination policy that it issued during the Fall 2021, and which Appellants sued to enjoin in this action. However, Appellees respectfully request this Court deny Appellants' request that this Court take judicial notice of the news article attached as Exhibit "A" to Appellants' request for judicial notice, any facts set forth therein, and Appellants' argument in its request.

As Appellants' have asked that the Court take judicial notice of the rescission of the mandate, it must be noted that this Court has held that challenges to COVID-19 vaccination mandates are moot when those requirements are rescinded. (*Donovan,* 70 F.4th at 1171-72 ("We cannot provide relief from" a federal vaccine mandate because it "no longer exist[s]," and therefore "we hold that this appeal is moot and dismiss").) Nevertheless, if this Court moves forward with the appeal and is inclined to consider the length of time LAUSD's COVID-19 vaccine policy remained in place as part of its decision on appeal, LAUSD respectfully requests that supplemental briefing on the issue be allowed since it has not been briefed at any point either before the District Court or before this Court, and no evidence has been introduced with regard to whether the continuation of LAUSD's COVID-19 vaccine policy was rationally related to a legitimate purpose.

Dated: October 4, 2023                    LITTLER MENDELSON, P.C.

*s/Connie Michaels*
Connie L. Michaels
Carrie A. Stringham
Attorneys for Defendants and Appellees

## CERTIFICATE OF COMPLIANCE WITH
## WORD LIMIT AND FORMAT REQUIREMENTS

I, Connie L. Michaels, counsel for Defendants and Appellees Alberto Carvalho, in his official capacity as Superintendent of the Los Angeles Unified School District ("LAUSD"), Ileana Davalos, in her official capacity as Chief Human Resources Officer for the LAUSD, and George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin, in their official capacities as members of the LAUSD governing board (collectively "Appellees"), hereby certify, pursuant to Federal Rules of Appellate Procedure 5(c) and 32(a)(5)-(6), and that the foregoing Appellee's Opposition to Appellants' Request for Judicial Notice is proportionally spaced and has a typeface of 14-point Times New Roman. This Motion further complies with the word limit of Circuit Rules 5-2(b) and 32-3(2) because it contains 1,580 words, excluding the portions exempt by Rules 5(b)(1)(E) and 32(f) of the Federal Rules of Appellate Procedure.

Dated: October 4, 2023

LITTLER MENDELSON, P.C.

*s/Connie Michaels*
Connie L. Michaels
Carrie A. Stringham
Attorneys for Defendants and Appellees

## CERTIFICATE OF SERVICE

I certify that on October 4, 2023, I electronically filed the foregoing **APPELLEE'S OPPOSITION TO APPELLANTS' REQUEST FOR JUDICIAL NOTICE** using the appellate CM/ECF system which will send notification of such filing to:

Robert H. Tyler, Esq., CA Bar No. 179572
btyler@faith-freedom.com
**ADVOCATES FOR FAITH & FREEDOM**
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 600-2733
Facsimile: (951) 600-4996

Brant C. Hadaway (*Pro Hac Vice*)
bhadaway@davillierlawgroup.com
**HADAWAY, PLLC**
2425 Lincoln Ave.
Miami, Florida 33133
Telephone: (305) 389-0336

George R. Wentz, Jr. (*Pro Hac Vice*)
gwentz@davillierlawgroup.com
**DAVILLIER LAW GROUP, LLC**
935 Gravier Street, Ste. 1702
New Orleans, LA 70112
Telephone: (504) 458-7143

Dated: October 4, 2023                    LITTLER MENDELSON, P.C.

                                          *s/Ingrid Shin*
                                          Ingrid Shin