No. 22-55908

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

HEALTH FREEDOM DEFENSE FUND, ET AL.,
*Plaintiffs and Appellants*,

v.

MEGAN REILLY, ET AL.,
*Defendants and Appellees*.

---

On Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:21-cv-08688-DSF-PV
Honorable Dale S. Fischer, Judge Presiding

---

## APPELLEES' MOTION TO DISMISS;
## DECLARATION IN SUPPORT;
## [PROPOSED] ORDER

---

Connie L. Michaels, SBN 128065
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308 - Fax: 310.553.5583 – Email: cmichaels@littler.com

Carrie A. Stringham, SBN 272731
LITTLER MENDELSON, P.C.
500 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.515.1836 - Fax: 619.340.4283 – Email: cstringham@littler.com

*Attorneys for Defendants and Appellees*

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ...........................................................2

II.    LEGAL ARGUMENT .....................................................3

    A.    The Voluntary Cessation Exception To The Mootness Doctrine Does Not Apply.......................................................3

        1.    The Appeal Is Moot As LAUSD's Vaccine Requirement Was Rescinded............................................5

        2.    There Is No Reasonable Expectation That The Mandate Will Be Reinstated And Subsequent Events Make It Clear That The Allegedly Wrongful Behavior Could Not Reasonably Be Expected To Recur ..........................................7

III.    CONCLUSION...........................................................11

WORD LIMIT AND FORMAT REQUIREMENTS............................................17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bazzrea v. Mayorkas*,
--F. Supp. 3d--, 2023 WL 3958912 (S.D. Tex. June 12, 2023)............................6

*Brach v. Newsom*,
38 F.4th 6 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854,
215 L.Ed.2d 87 (2023) .................................................................................5, 10

*Citizens for Resp. & Ethics in Wash. v. Secs. & Exch. Comm'n*,
858 F. Supp. 2d 51 (D.C. 2012)......................................................................8

*Clements v. Austin*,
No. 2:22-cv-2069, 2023 WL 3479466 (D.S.C. May 16, 2023)............................6

*Cnty. of L.A. v. Davis*,
440 U.S. 625 (1979)...................................................................................7, 9

*Colonel Fin. Mgmt. Officer v. Austin*,
Nos. 8:22-cv-1275, 8:21-cv-2429, 2023 WL 2764767 (M.D. Fla.
Apr. 3, 2023) ...............................................................................................7

*Donovan v. Vance*,
70 F.4th 1167 (9th Cir. 2023) ...................................................................*passim*

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ..............................3, 10

*Health Freedom Def. Fund v. President of the United States*,
71 F.4th 888 (11th Cir. 2023) ...............................................................3, 4, 5, 10

*Midcoast Fisherman's Ass'n v. Blank*,
948 F. Supp. 2d 4 (D.C. 2013)........................................................................7

*Navy Seal 1 v. Austin*,
No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *cert.
denied sub nom. Creaghan v. Austin,* No. 22-1201, 2023 WL
6377949 (U.S. Oct. 2, 2023)..........................................................................6

# TABLE OF AUTHORITIES
(CONTINUED)

**PAGE**

*Regalado v. Dir., Ctr. for Disease Control*,
  No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) ................................6

*Robert v. Austin*,
  72 F.4th 1160 (10th Cir. 2023) ....................................................................3, 4, 6

*Roth v. Austin*,
  62 F.4th 1114 (8th Cir. 2023) ......................................................................3, 4, 6

*Short v. Berger*,
  Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24,
  2023) .............................................................................................................5

*Speech First, Inc. v. Killeen*,
  968 F.3d 628 (7th Cir. 2020) .................................................................................8

*Trinity Lutheran Church v. Comer*,
  582 U.S. 449 (2017)...........................................................................................3, 4

*U.S. Navy SEALs 1-26 v. Biden*,
  72 F.4th 666 (5th Cir. 2023) ........................................................................3, 4, 6

*Uzuegbunam v Prezewski*,
  141 S.Ct. 792, 209 L. Ed. 2d 94 (2021)............................................................10

**Other Authorities**

Federal Rules of Appellate Procedure 5(b)(1)(E)....................................................17

Federal Rules of Appellate Procedure 5(c) ............................................................17

Federal Rules of Appellate Procedure 32(a)(5)-(6) ................................................17

## APPELLEES' MOTION TO DISMISS

## I.    INTRODUCTION

In accordance with this Court's October 19, 2023 Order [Dkt 48], Defendants and Appellees Alberto Carvalho (in his official capacity as Superintendent of the Los Angeles Unified School District ["LAUSD"]), Ileana Davalos (in her official capacity as Chief Human Resources Officer for the LAUSD), and George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin (in their official capacities as members of the LAUSD governing board) (collectively "Appellees") file this motion to dismiss as Plaintiffs and Appellants Health Freedom Defense Fund, *et al*. (collectively "Appellants") placed a fact before this Court which renders their appeal moot. (*Donovan v. Vance*, 70 F.4th 1167, 1171-72 (9th Cir. 2023).)

Specifically, on October 2, 2023, Appellants filed a request asking this Court to take judicial notice that on September 26, 2023, the LAUSD voted to rescind the mandatory COVID-19 vaccination policy that it issued during the Fall 2021. [Dkt. 46.] The COVID-19 vaccination policy that was rescinded is the same policy Appellants sued to enjoin in this action. On October 4, 2023, Appellees advised this Court that they did not object to that fact being noticed, but objected only to the document Appellants were relying upon in making their request. [Dkt 47.]

Appellants' request for judicial notice, and particularly the undisputed fact that the LAUSD has rescinded the vaccine policy, renders their appeal moot and requires its dismissal. (*Donovan,* 70 F.4th at 1171-72.) The voluntary cessation exception to the mootness doctrine does nothing to change this result. To the contrary, specific to the COVID-19 pandemic, this Court, along with multiple other Circuits, have unanimously held that there is no reasonable expectation that Appellants would be subjected to a vaccine mandate again and such conjecture is speculative. (*Id.* at 1172, n. 5; *Health Freedom Def. Fund v. President of the United States,* 71 F.4th 888 (11th Cir. 2023); *U.S. Navy SEALs 1-26 v. Biden,* 72 F.4th 666 (5th Cir. 2023); *Robert v. Austin,* 72 F.4th 1160 (10th Cir. 2023); *Roth v. Austin,* 62 F.4th 1114 (8th Cir. 2023).)

As Appellants placed a fact before this Court which renders their appeal moot, Appellees' respectfully request the instant appeal be dismissed.

## II.     LEGAL ARGUMENT

### A.     The Voluntary Cessation Exception To The Mootness Doctrine Does Not Apply

In *Trinity Lutheran Church v. Comer*, 582 U.S. 449 (2017), the U.S. Supreme Court held that "'voluntary cessation of a challenged practice does not moot a case unless "subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc*., 528 U.S. 167, 189, 120 S. Ct. 693, 145

L. Ed. 2d 610 (2000) (internal quotation marks omitted)." (*Id.* at 457 n. 1.) In so doing, the U.S. Supreme Court held that specific to the facts in *Trinity Lutheran Church,* the Department had not met its burden of making it "absolutely clear" that it would not revert back to the challenged policy. (*Id.*) "[A]s the basis for this conclusion, the Supreme Court cited to a letter from the respondent which explicitly stated that 'there [was] no clearly effective barrier that would prevent the [respondent] from reinstating [its] policy in the future,' relying on evidence of both parties agreeing with its conclusion." (*Lewis v Becerra*, 203 WL 3884595, at *11 n. 10. (D.C. June 8, 2023) (analyzing *Trinity*; dismissing lawsuit as moot as the challenged state regulation was rescinded).)

Here, no such evidence exists, and a different conclusion should, therefore, be reached. Quite the opposite, it is sheer speculation to assume a pandemic would happen again. (*Donovan,* 70 F.4th at 1172, n. 5; *Health Freedom Def. Fund,* 71 F.4th at 892; *U.S. Navy SEALs 1-26,* 72 F.4th 666; *Robert,* 72 F.4th 1160; *Roth,* 62 F.4th at 1119.) Indeed, Appellant Health Freedom Defense Fund has already failed in its attempt to assert the voluntary cessation exception to the mootness doctrine specific to a COVID-19 vaccine mandate. (*Health Freedom Def. Fund,* 71 F.4th at 892.) There, the Eleventh Circuit held Appellant Health Freedom Defense Fund's challenge to a non-military vaccine mandate was moot and its "contention that there is a reasonable expectation that the CDC will issue another nationwide mask

mandate for all conveyances and transportation hubs to be speculative at best." (*Id.*) As a result, it is not reasonable to assume the COVID-19 vaccine mandate will be reinstated in the future and the voluntary cessation exception to the mootness doctrine does not apply. (*Id.*)

### 1. The Appeal Is Moot As LAUSD's Vaccine Requirement Was Rescinded

This Ninth Circuit has held that challenges to COVID-19 vaccination mandates are moot when those requirements are rescinded. (*Donovan,* 70 F.4th at 1171-72 n. 5 ("We reject as meritless Plaintiffs' suggestions that either the 'capable of repetition, yet evading review' or 'voluntary cessation' exceptions to mootness apply here"); *cf. e.g., Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854, 215 L.Ed.2d 87 (2023) (holding that the "mere possibility that California might again suspend in-person instruction is too remote to save this case" from mootness) (emphasis removed)."); *accord Short v. Berger,* Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023).)

Numerous other federal courts around the nation have agreed with this Ninth Circuit, finding challenges to COVID-19 vaccination mandates are moot when those requirements are ended. (*See, e.g.*, *Health Freedom Def. Fund,* 71 F.4th at 892-893 (holding challenge to a non-military vaccine mandate was moot because "there [wa]s no longer any Mandate … to set aside or uphold"; "We find Appellees' contention that there is a reasonable expectation that the CDC will issue another nationwide

5

mask mandate for all conveyances and transportation hubs to be speculative at best."); *U.S. Navy SEALs 1-26,* 72 F.4th 666 (dismissing as moot an appeal challenging the military's COVID-19 vaccination mandate following the federal vaccine mandate's rescission); *accord Robert,* 72 F.4th 1160; *Roth,* 62 F.4th at 1119; *Navy Seal 1 v. Austin,* No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *cert. denied sub nom. Creaghan v. Austin,* No. 22-1201, 2023 WL 6377949 (U.S. Oct. 2, 2023); *Regalado v. Dir., Ctr. for Disease Control,* No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) (affirming dismissal of case on mootness grounds where the challenged OSHA COVID-19 vaccination mandate had been "withdrawn"); *Bazzrea v. Mayorkas,*--F. Supp. 3d--, 2023 WL 3958912, at *4, *7 (S.D. Tex. June 12, 2023) (dismissing as moot case challenging the Coast Guard's COVID-19 vaccination mandate, explaining that the mandate's rescission "eliminated the actual controversy" and precluded the court from providing "effectual relief"; "[T]here is no reasonable expectation that the plaintiffs would be subjected to the vaccine mandates again—they have been rescinded, unlike in the typical case where this exception applies. *See, e.g., Super Tire Eng'g Co.*, 416 U.S. [115,] 125–26, 94 S.Ct. 1694 (1974) And courts 'are not in the business of pronouncing that past actions with have no demonstrable continuing effect were right or wrong.' *Spencer*, 523 U.S. at 18, 118 S.Ct. 978. The capable-of-repetition-yet-evading-review exception does not apply."); *Clements v. Austin,* No. 2:22-cv-

2069, 2023 WL 3479466, at *3, *10 (D.S.C. May 16, 2023)(numerous courts "have rendered moot claims for declaratory and injunctive relief" due to rescission of Vaccine Mandate Order); *Colonel Fin. Mgmt. Officer v. Austin,* Nos. 8:22-cv-1275, 8:21-cv-2429, 2023 WL 2764767, at *3 (M.D. Fla. Apr. 3, 2023) (dismissing as moot case challenging the military's COVID-19 vaccination mandate because the "mandate no longer exists").)

As this Court has held, "[w]e cannot provide relief from" a vaccine mandate because it "no longer exist[s]," and therefore "we hold that this appeal is moot and dismiss." (*Donovan,* 70 F.4th at 1171-72.) Since it is undisputed that LAUSD's COVID-19 vaccine mandate has been rescinded, this Court should hold that this appeal is moot and dismiss it.

> **2.      There Is No Reasonable Expectation That The Mandate Will Be Reinstated And Subsequent Events Make It Clear That The Allegedly Wrongful Behavior Could Not Reasonably Be Expected To Recur**

"[V]oluntary cessation will only moot a case if 'there is no reasonable expectation ... that the alleged violation will recur,' and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" (*Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted).) "[T]his exception to mootness does not apply where "subsequent actions have given [the] plaintiffs the most they would be entitled to if they won this case." (*Midcoast Fisherman's Ass'n v. Blank*, 948 F. Supp. 2d 4, 8 (D.C. 2013).)

"[W]here 'the defendant is a government actor —and not a private litigant—there is less concern about the recurrence of objectionable behavior[,]' *Citizens for Resp. & Ethics in Wash. v. Secs. & Exch. Comm'n*, 858 F. Supp. 2d 51, 61 (D.C. 2012); *accord Speech First, Inc. v. Killeen*, 968 F.3d 628, 646 (7th Cir. 2020). The mere power to put in place a particular rule or regulation is 'not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists.'" (*Lewis v Becerra*, 203 WL 3884595, at *11 quoting *Nat'l Black Police Ass'n v. District of Columbia,* 108 F.3d 346, 349 (D.C. 1997).)

There is no reasonable expectation that the alleged violation (*i.e.*, LAUSD's the COVID-19 vaccination mandate) will be reinstituted. LAUSD's Board officially voted to rescind the mandate, and LAUSD has begun reinstating and rehiring unvaccinated employees. (Declaration of Francisco J. Serrato, "Serrato Decl.," ¶5.) No intent to reinstate the mandate at a future time has been announced or can reasonably be inferred. (*Id* at ¶6.) Hospitalization and death rates attributed to COVID-19 have declined. (*Id* at ¶8.) The understanding of the mainstream scientific community about the COVID-19 virus, vaccines, transmissions, and treatment has evolved since it made its appearance in 2020, eliminating LAUSD's need to reinstitute a vaccine mandate. (*Id* at ¶3.) Reinstating the mandate would involve an unlikely sequence of events: a significant rise in COVID infections; determinations by medical experts or the government that the variant type was highly contagious;

8

determinations by medical experts or the government that contracting the variant could lead to serious medical consequences or death; and determinations by LAUSD, based on the recommendations of medical experts, that alternatives to vaccines could not adequately prevent transmission. There is simply no basis to conclude any of these events, let alone all of them, would occur.

Moreover, "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation[.]" (*Cnty. of L.A. v. Davis*, 440 U.S. at 631.) As noted, the scientific community is increasing its understanding of how COVID-19 is transmitted, how to prevent transmission and infection, and how to treat the virus and its effects. (Serrato Decl., ¶8.) LAUSD's Board officially voted to rescind the mandate, and LAUSD has begun reinstating and rehiring unvaccinated employees. (*Id* at ¶4.)

With respect to the First and Second Causes of Action under the 14th Amendment, Appellants sought temporary, preliminary, and permanent injunctive relief restraining Defendants from enforcing the Vaccine Mandate." (Excerpts of Record ("EOR"), p. 24, Second Amended Complaint, ¶¶ 99, 106.) The aim of the injunction was satisfied by the ending of the mandate.

Appellants also sought in their first claim "a declaration that the Vaccination Mandate is unlawful." (EOR, p. 24, Second Amended Complaint, ¶ 100.) However, "[a] claim for declaratory relief seeks to determine the legal rights and obligations

of the parties with *prospective* effect. Because it is prospective, such a claim may be mooted by changed circumstances, including changes in a defendant's policies that make it 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 189 (2000)." ((Emphasis added.) *See  Uzuegbunam v Prezewski,* 141 S.Ct. 792, 209 L. Ed. 2d 94 (2021), *citing Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 676 n.6 (2010) (lawsuit "seeks only declaratory and injunctive—that is, prospective— relief"); *see cf. e.g*. *Health Freedom Defense Fund*, 71 F.4th at 892 ("we do not think asking for a declaratory judgment that the Mandate is unlawful saves this case from mootness").)

There is no evidence that LAUSD intends to reinstate its COVID-19 vaccination mandate and any suggestion by Appellants that this is LAUSD's plan is speculative and inconclusive. (*See Brach v. Newsom*, 38 F.4th at 9 (holding that the "mere possibility that California might again suspend in-person instruction is too remote to save this case" from mootness) (emphasis removed).")

Accordingly, Appellants request this Court dismiss the appeal.

/ / /

/ / /

/ / /

## III.   CONCLUSION

As LAUSD has rescinded its vaccine mandate, and this Court has previously held that challenges to COVID-19 vaccination mandates are moot when those requirements are rescinded, LAUSD respectfully requests that this Court reach the same conclusion in this case and dismiss the appeal.

Dated:  October 30, 2023                    LITTLER MENDELSON, P.C.


                                          *S/Connie L. Michaels*
                                          Connie L. Michaels
                                          Carrie A. Stringham
                                          Attorneys for Defendants and
                                          Appellees

## DECLARATION IN SUPPORT

I, Francisco J. Serrato, declare as follows:

1.      I am the Interim Chief of Human Resources with the Los Angeles Unified School District ("LAUSD"). I have personal knowledge of the facts set forth herein or I have knowledge of such facts based on my review and knowledge of the business records and files of LAUSD, except those stated on information and belief. As to those matters stated on information and belief, I believe them to be true. If called as a witness in this proceeding, I could and would competently testify thereto under oath.

2.      I submit this Declaration in support of the concurrently filed Motion to Dismiss of LAUSD, Ileana Davalos (in her official capacity as Chief Human Resources Officer for the LAUSD), and George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin (in their official capacities as members of the LAUSD governing board) (collectively "Appellees").

3.      On September 26, 2023, the LAUSD Board of Education ("Board") met to discuss the rescission of its COVID-19 vaccination mandate (the "Mandate") in light of the changing circumstances surrounding the COVID-19 virus including: the ending of local, state, and federal emergency COVID-19 orders, requirements and recommendations; the determination by the World Health Organization that

COVID-19 is no longer a public health emergency of international concern; the determination by the mainstream scientific community that COVID-19 is in an endemic phase, meaning that it has entered a state of stability and predictability that comes with other viruses such as Respiratory Syncytial Virus (RSV) and Influenza; the availability of vaccines and therapeutics; the safe reopening of schools for in-person learning; and the evolved understanding and availability of public data that allows LAUSD to monitor for signals of concern.

4.  At the Board meeting, medical experts, including one from outside the District from the University of California, Los Angeles, presented data and insight within the scientific and public health communities surrounding the COVID-19 virus. Following careful consideration, the Board voted to rescind the Mandate in a 6-1 vote. Since that time, LAUSD has begun reinstating and rehiring unvaccinated employees who were previously separated for their failure to comply with the Mandate.

5.  As was its implementation in August 2021, the vote to rescind the Mandate was made by the Board with careful consideration of the health and safety of its students, staff, and the wider, traditionally underserved, communities it encompasses, and through consultation with leading medical experts, public health officials, and multiple local labor organizations representing its employees. At all times, the goal of the Board has been to follow the science and implement mitigation

efforts consistent with guidance and requirements from national, state, and local public health and safety entities (including the Centers for Disease Control ("CDC"), the California Department of Public Health ("CDPH") the California Division of Occupational Safety and Health ("CalOSHA"), and the Los Angeles County Department of Health ("ACDPH")) to keep schools open for safe, in-person learning.

6.      LAUSD has no present intent to reinstate the Mandate.  LAUSD has not announced any expectation that it will reinstate the Mandate and no such announcement is expected.

7.      Reinstatement of the Mandate would involve an unlikely sequence of events of which LAUSD has no reason to believe is likely to occur, including: a significant rise in COVID infections; determinations by medical experts or the government that the variant type was highly contagious; determinations by medical experts or the government that contracting the variant could lead to serious medical consequences or death; and determinations by LAUSD, based on the recommendations of medical experts, that alternatives to vaccines could not adequately prevent transmission. There is simply no basis at this time to conclude any of these events, let alone all of them, would occur.

8.      In addition, according to publicly available data, COVID-19 hospitalizations and death rates have declined significantly in recent months and the

understanding of the mainstream scientific community regarding the COVID-19 virus, vaccines, transmissions, and treatment has evolved over the past three years such that it is unlikely LAUSD would need to reinstitute a vaccine mandate.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct as of my own personal knowledge.

This declaration was executed on October 27, 2023, in Los Angeles, California.

_____
Signature
Name: Francisco J. Serrato

# **[PROPOSED] ORDER**

DEFENDANTS' AND APPELLEES' MOTION TO DISMISS PLAINTIFFS' AND APPELLANTS' APPEAL IN ITS ENTIRETY WITH PREJUDICE IS:

___ DENIED ___ GRANTED.

_____
PRESIDING JUSTICE

## CERTIFICATE OF COMPLIANCE WITH

## WORD LIMIT AND FORMAT REQUIREMENTS

I, Connie L. Michaels, counsel for Defendants and Appellees Alberto Carvalho, in his official capacity as Superintendent of the Los Angeles Unified School District ("LAUSD"), Ileana Davalos, in her official capacity as Chief Human Resources Officer for the LAUSD, and George McKenna, Monica Garcia, Scott Schmerelson, Nick Melvoin, Jackie Goldberg, Kelly Gonez, and Tanya Ortiz Franklin, in their official capacities as members of the LAUSD governing board (collectively "Appellees"), hereby certify, pursuant to Federal Rules of Appellate Procedure 5(c) and 32(a)(5)-(6), that the foregoing Appellee's Motion to Dismiss is proportionally spaced and has a typeface of 14-point Times New Roman. This Motion further complies with the word limit of Circuit Rules 5-2(b) and 32-3(2) because it contains 2134 words, excluding the portions exempt by Rules 5(b)(1)(E) and 32(f) of the Federal Rules of Appellate Procedure.

Dated: October 30, 2023

LITTLER MENDELSON, P.C.

/s/ *Connie L. Michaels*

Connie L. Michaels
Carrie A. Stringham
Attorneys for Defendants and
Appellees

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 W. Broadway, Ste. 900, San Diego, CA 92101.

**APPELLEES' MOTION TO DISMISS;**
**DECLARATION IN SUPPORT;**
**[PROPOSED] ORDER**

I certify that on October 30, 2023, I electronically filed the foregoing document using the appellate CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| John W. Howard<br>JW Howard Attorneys, Ltd.<br>600 W Broadway, Suite 1400<br>San Diego, CA 92101<br>Email: johnh@jwhowardattorneys.com<br>Email: sstreet@jwhowardattorneys.com | |
| George Robinson Wentz Jr.<br>The Davillier Law Group, LLC<br>935 Gravier Street<br>Suite 1702<br>New Orleans, LA 70112<br>Email: gwentz@davillierlawgroup.com | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 30, 2023 at San Diego, California.

_____
Lori Christy