No. 22-55908
Decided via Published Opinion on June 7, 2024
M. Daly Hawkins, R. Nelson, and D. Collins

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

HEALTH FREEDOM DEFENSE FUND, ET AL.,
*Plaintiffs and Appellants*,

v.

MEGAN REILLY, ET AL.,
*Defendants and Appellees*.

---

On Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:21-cv-08688-DSF-PV
Honorable Dale S. Fischer, Judge Presiding

---

## PETITION FOR REHEARING *EN BANC*

---

Connie L. Michaels, SBN 128065
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone:  310.553.0308 - Facsimile: 310.553.5583
Email: cmichaels@littler.com

Carrie A. Stringham, SBN 272731
LITTLER MENDELSON, P.C.
500 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.515.1836 - Facsimile: 619.340.4283
Email:  cstringham@littler.com

*Attorneys for Defendants and Appellees*

# TABLE OF CONTENTS

I.    INTRODUCTION AND RULE 35(B)(1) STATEMENT ........................1

II.   SUMMARY OF FACTS RELEVANT TO REHEARING .......................4

   A.  The District Court Correctly Applied A Rational Basis
       Review To Dismiss This Action. .........................................................4

   B.  It Is Undisputed LAUSD Rescinded Its COVID-19
       Vaccine Mandate. ....................................................................................5

III.  QUESTIONS OF EXCEPTIONAL IMPORTANCE SUPPORT
      *EN BANC* REVIEW ........................................................................................6

   A.  The Critical Question Of When The Voluntary Cessation
       Exception To Mootness Applies Requires *En Banc* Review...............8

       1.  The Majority's Holding That The Voluntary Cessation
           Exception To The Mootness Doctrine Applies Creates A
           Conflict In The Law. ......................................................................9

       2.  Until This Published Opinion, This Court And Other
           Circuits Agreed That An Appeal Is Moot When The
           Vaccine Mandate Is Rescinded. ...................................................11

   B.  The Critical Question Of Whether An Employer's Vaccine
       Mandate Implicates A Fundamental Right Or Whether A
       Rational Basis Review Applies Requires *En Banc* Review...............13

IV.   CONCLUSION......................................................................................17

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bazzrea v. Mayorkas*,
  2023 WL 3958912 (S.D. Tex. June 12, 2023)....................................................12

*Biden v. Feds for Medical Freedom*,
  144 S.Ct. 480 (2023)..............................................................................................2

*Biden v. Missouri*,
  142 S.Ct. 647 (2022)..............................................................................................3

*Big Tyme Invs., L.L.C. v. Edwards*,
  985 F.3d 456 (5th Cir. 2021) ...............................................................................16

*Brach v. Newsom*,
  38 F.4th 6 (9th Cir. 2022) (en banc), *cert. denied*,
  143 S. Ct. 854 (2023)............................................................................................12

*Calvary Chapel Dayton Valley v. Sisolak*,
  140 S.Ct. 2603 (2020)...........................................................................................16

*Chrysafis v. Marks*,
  141 S.Ct. 2482 (2021)...........................................................................................16

*Colonel Fin. Mgmt. Officer v. Austin*,
  2023 WL 2764767 (M.D. Fla. Apr. 3, 2023)....................................................13

*Creaghan v. Austin*,
  2023 WL 6377949 (U.S. Oct. 2, 2023)..............................................................12

*Donovan v. Vance*,
  70 F.4th 1167 (9th Cir. 2023) ........................................................................*passim*

*FDA v. Am. Coll. Of Obstetricians & Gynecologists*,
  141 S.Ct. 10 (2020)...............................................................................................16

*Health Freedom Def. Fund v. President of the United States*,
  71 F.4th 888 (11th Cir. 2023) .......................................................................11, 12

*Ill. Republican Party v. Pritzker*,
973 F.3d 760 (7th Cir. 2020) cert. denied 141 S.Ct. 1754 (2021).......................16

*Jacobson v. Massachusetts*,
197 U.S. 11 (1905).................................................................................*passim*

*Kendall v. Doster*,
144 S.Ct. 481 (2023)...........................................................................................2, 9

*Klassen v. Trustees of Indiana Univ.*,
7 F.4th 592 (7th Cir. 2021) ...........................................................................3, 16

*Lewis v Becerra*,
203 WL 3884595 (D.C. Cir. 2023)....................................................................10

*Lukaszczyk v. Cook Cnty.*,
47 F.4th 587 (7th Cir. 2022) ...................................................................3, 15, 16

*Navy Seal 1 v. Austin*,
2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) ...................................................12

*Norris v. Stanley*,
73 F.4th 431 (2023) ...................................................................................2, 4, 7

*Payne v. Biden*,
144 S.Ct. 480 (2023)........................................................................................2, 9

*Protectmarriage.com-Yes on 8 v. Bowen*,
752 F.3d 827, 836 (9th Cir. 2014) ....................................................................12

*Regalado v. Dir., Ctr. for Disease Control*,
2023 WL 239989 (11th Cir. Jan. 18, 2023)......................................................12

*Robert v. Austin*,
72 F.4th 1160 (10th Cir. 2023) ...................................................................11, 12

*Robinson v. Att'y Gen.*,
957 F.3d 1171 (11th Cir. 2020) ........................................................................16

*Roman Catholic Diocese v. Cuomo*,
141 S.Ct. 63 (2020)...........................................................................................16

*Roth v. Austin*,
  62 F.4th 114 (8th Cir. 2023) ...........................................................11, 12

*S. Bay United Pentecostal Church v. Newsom*,
  140 S.Ct. 1613 (2020)........................................................................16

*Sczesny v. New Jersey Governor Philip Murphy*,
  2023 WL 4402426 ....................................................................2, 4, 8

*Trinity Lutheran Church v. Comer*,
  582 U.S. 449 (2017).............................................................................9

*U.S. Navy SEALs 1-26 v. Biden*,
  72 F.4th 666 (5th Cir. 2023) ............................................................11, 12

*We The Patriots USA, Inc. v. Hochul*,
  17 F.4th 266 (2d Cir. 2021) opinion clarified 17 F.4th 368
  (2d Cir. 2021)....................................................................................16

## Other Authorities

FRAP 35(a)(2)...........................................................................................6

## I.    INTRODUCTION AND RULE 35(B)(1) STATEMENT

*En banc* review is needed to correct the fatally flawed split decision of the Ninth Circuit panel in this matter, which incorrectly decided that an action for injunctive relief challenging a public school district's COVID-19 vaccine policy could proceed, even though the vaccine mandate Appellants sought to enjoin *no longer exists*. To reach this implausible and erroneous result, the panel misapplied the mootness doctrine and its narrow exceptions, tossed aside 100-year-old United States Supreme Court precedent enforcing vaccine mandates, and ignored rafts of cases from this and other Circuits regarding vaccine mandates that were temporarily put in place to protect public safety during the COVID-19 pandemic.

The Court could not have reached this improper legal destination without embracing the unsupportable pseudo-science-based allegation asserted by Appellants that the COVID-19 vaccine was not a vaccine at all, but rather a medical treatment. In so doing, the panel upends over 100 years of jurisprudence recognizing the rational basis test that applies to vaccines to protect the public at large. This decision must be revisited and corrected to align with Supreme Court, Ninth Circuit, and sister Circuits precedents, and to respect the fundamental doctrine that courts should not adjudicate moot disputes. As currently framed, the opinion creates substantial confusion in areas of critical significance to the general public. *En banc* review is necessary to resolve questions of exceptional importance, and to reaffirm

1

the rational basis test required to be applied by *Jacobson v. Massachusetts,* 197 U.S. 11 (1905).

First and most importantly, this lawsuit is moot. Judge Hawkins correctly explains in his dissent that there is no longer any policy for this Court to enjoin. As courts have consistently done in actions challenging rescinded pandemic policies, Judge Hawkins affirmed that this action is moot and should be dismissed. The majority circumvented this bedrock principle in holding that the "voluntary cessation exception" to mootness applies, premised on no more than the inference drawn from the fact the Los Angeles Unified School District's ("LAUSD") Board rescinded its COVID-19 vaccine mandate twelve days after oral argument. In doing so, the majority created new law that conflicts with decisions from both the U.S. Supreme Court and other Circuits. (*Payne v. Biden,* 144 S.Ct. 480 (2023) ("[t]he judgment is vacated, and the case is remanded … with instructions to dismiss the case as moot[]")*; accord Biden v. Feds for Medical Freedom,* 144 S.Ct. 480 (2023)*; Kendall v. Doster,* 144 S.Ct. 481 (2023)*; Norris v. Stanley,* 73 F.4th 431 (6th Cir. 2023) 144 S.Ct. 1353 (2024) (certiorari denied); *Sczesny. v. New Jersey Governor Philip Murphy,* 2023 WL 4402426 (3rd Cir. 2023) 144 S.Ct. 395 (2023) (certiorari denied).

Second, the majority erroneously concludes that the district court misapplied the U.S. Supreme Court's longstanding precedent in *Jacobson,* which has been consistently applied in COVID-19 vaccine mandate cases across the county to

require a rational basis review when considering the health benefits vaccines confer upon the public. Instead, the majority accepted Appellants' pseudo-scientific allegation that COVID-19 vaccines do not effectively prevent spread of COVID-19, but only mitigate symptoms, and therefore are not a "traditional" vaccine, but instead a medical treatment. Judge Collins' concurrence used this allegation as a springboard to argue the fundamental right to refuse medical treatment is implicated by the challenged policy, rather than the rationale basis test governing vaccines as a compulsory treatment required for the health benefit of others.

This holding creates a new fundamental right applicable to vaccine policies which should be reviewed *en banc,* as it conflicts with both U.S. Supreme Court and other Circuit decisions and creates substantial confusion for employers, including the United States Armed Forces, which require vaccines as a condition of employment. *Jacobson, 197 U.S. at 25-31* (mandatory vaccination laws are generally constitutional); *Biden v. Missouri,* 142 S.Ct. 647, 653 (2022) (federal government has authority to enforce rule requiring health care workers at facilities participating in Medicare and Medicaid to be fully vaccinated against COVID-19); (*Lukaszczyk v. Cook Cnty.,* 47 F.4th 587 (7th Cir. 2022) (followed U.S. Supreme Court guidance holding that courts should be "hesitant to expand the scope of fundamental rights under substantive due process[]"); *Klassen v. Trustees of Indiana Univ.,* 7 F.4th 592 (7th Cir. 2021) (COVID-19 vaccine mandate survived

constitutional due process scrutiny, *Jacobson* is controlling law); *Norris,* 73 F.4th

431; *Sczesny,* 2023 WL 4402426.

## II. SUMMARY OF FACTS RELEVANT TO REHEARING

### A. The District Court Correctly Applied A Rational Basis Review To Dismiss This Action.

On September 2, 2022, the District Court entered its Order Granting

Defendants' Motion for Judgment on the Pleadings as to Appellants' operative

Second Amended Complaint for Violation of Civil Rights and Declaratory and

Injunctive Relief. (1-EOR-089-101.) The District Court correctly found Appellants

alleged "facts" surrounding the efficacy of the COVID-19 vaccine unpersuasive:

> Defendants argue that there is a rational basis for the
> Policy: 'a legitimate and constitutionally mandated state
> interest in promotion and providing the safest environment
> possible to all employees and students against the COVID-
> 19 virus.' … Plaintiffs argue that the vaccine does not
> further the Policy's stated purpose of 'provid[ing] the
> safest possible environment in which to learn and work,'
> …; they point out various uncertainties about the precise
> mechanics of the COVID-19 vaccine, including numerous
> authorities explaining that the COVID-19 vaccine is
> believed to reduce symptoms in infected vaccine
> recipients and prevent severe disease and death, rather
> than prevent transmission or contraction of COVID-19 …
> However, these features of the vaccine further the purpose
> of protecting LAUSD students and employees from
> COVID-19, and the Court finds the Policy survives
> rational basis review.

(1-EOR-098-099, citations omitted.)

**B. It Is Undisputed LAUSD Rescinded Its COVID-19 Vaccine Mandate.**

The only evidence in the record with regard to LAUSD's recission of its COVID-19 mandate is attached to its motion to dismiss the appeal. Specifically, LAUSD's Interim Chief of Human Resources attests that the COVID-19 vaccine mandate was rescinded only after careful consideration and consultation with leading medical experts, public health officials, and multiple local labor organizations representing its employees without *any* consideration of oral argument. (Dkt. 49, Francisco Serrato Declaration ("Serrato Decl.") ¶¶3-4.) As the Board of Education Report on the Rescission of the LAUSD Vaccination Requirement ("Report") supports, LAUSD's Board rescinded the COVID-19 mandate only after months of careful consideration and the changing nature of COVID-19 which "has now entered the endemic phase." (Dkt. 50, Scott Street Declaration ("Street Decl.") Ex. B, p. 25.)

Specifically, the Report first details actions of various federal, state, and local public health officials and other governmental agencies which led to the rescission of the COVID-19 mandate. (Dkt. 50, Street Decl., Ex. B, p. 24-25.) The Report then explains that given the changing nature of COVID-19, there is no longer any need for the COVID-19 mandate. (Dkt. 50, Street Decl., Ex. B, p. 25.) The only evidence in the record regarding the decision to rescind the mandate supports only one conclusion - reinstitution of LAUSD's COVID-19 mandate is not reasonably

expected to recur:

> At the time of implementation of the District's COVID-19 vaccination requirement, Los Angeles Unified schools had been closed for full time in-person learning for 17 months due to the rapidly changing, deadly virus. The intent with re-opening schools was to preserve in-person learning in the safest environment possible. At the time, even a modest number of positive cases of COVID-19 could have prompted school and classroom closures. Because COVID-19 vaccination reduced transmission and disease severity, it made sense to have a vaccination requirement-to keep schools open for in-person learning.
>
> As a testament to the incredible power of vaccinations and the advancements of science, COVID-19 has now entered the endemic phase. This means that the virus is here to stay, but is not spreading at a rapid enough pace to overwhelm hospital systems. This also means that while there will continue to be surges of COVID-19, it has entered a state of stability and predictability that comes with other viruses such as RSV and the Flu. In addition, we can use mitigation measures such as encouraging vaccination, masking, testing and educating about good hygiene practices during times when there is a high prevalence of respiratory viruses such as COVID-19. The science has not changed. Vaccines are still safe and effective. We continue to encourage everyone to stay updated on all vaccinations. *However, we no longer need a COVID-19 vaccine requirement to keep schools open for in-person learning.*

(Dkt. 50, Street Decl., Ex. B, p. 25, emphasis added.)

## III. QUESTIONS OF EXCEPTIONAL IMPORTANCE SUPPORT *EN BANC* REVIEW

Rehearing *en banc* should be granted when a "proceeding involves a question of exceptional importance." (FRAP 35(a)(2).) This is met here because the

majority's holding as to both the voluntary cessation exception to mootness and whether an employer's vaccine mandate implicates a fundamental constitutional right to refuse medical treatment as opposed to the rational basis review, contradicts both U.S. Supreme Court precedent and recent decisions from other Circuits, causing substantial confusion in the law.

In *Norris v. Stanley,* 73 F.4th 431 (2023), Michigan State University employees challenged the university's COVID-19 vaccine mandate, which required all faculty and staff to be either fully vaccinated or receive at least one of a two-dose series of vaccines, claiming it violated their due process rights. The Sixth Circuit disagreed with the lower court and held, on a motion to dismiss, that the trial court need not accept as true legal conclusions or unwarranted factual inferences; that plaintiffs' substantive due process claim is subject to rational basis scrutiny; and that plaintiffs' substantive due process claim failed because the university's vaccine policy satisfied rational basis scrutiny. *Id.* at 435-438; 144 S.Ct. 1353 (2024) (certiorari denied).

The instant case contradicts this holding of the Sixth Circuit and the similar opinions from the Third, Fifth, Seventh, Eighth, Tenth, Eleventh, and D.C. Circuits, cited throughout. This Court should grant *en banc* review and hold: (1) the appeal should be dismissed because the voluntary cessation exception to mootness does not apply; (2) the substantive due process claim is subject to rational basis scrutiny; and

7

(3) the substantive due process claim fails because LAUSD's vaccine policy satisfies rational basis scrutiny.

### A. The Critical Question Of When The Voluntary Cessation Exception To Mootness Applies Requires *En Banc* Review.

It is undisputed that LAUSD rescinded its COVID-19 vaccine mandate, which is the *sole* basis of Appellants' action for injunctive relief. Despite this, the majority nevertheless found that the voluntary cessation exception to the mootness doctrine applies to prevent dismissal, based on its determination that "[f]or over two years – until twelve days after argument – [] LAUSD required employees to get the COVID-19 vaccination or lose their jobs." *En banc* review of this flawed holding is necessary as it misinterprets the factual record, contradicts U.S. Supreme Court precedent, and creates a split of authority with other Circuits.

In *Sczesny v. New Jersey Governor Philip Murphy,* 2023 WL 4402426, a case brought by nurses that challenged the Governor's COVID-19 vaccine mandate for health care workers, the Governor rescinded the state's COVID-19 vaccine mandate *after* the Third Circuit heard oral arguments. *Id.* In response, the Third Circuit dismissed the appeal as moot, finding that it "no longer presents a live issue," while expressing no opinion on the case itself. *Id.* The nurses filed a petition for writ of certiorari, which was denied without comment. *Sczesny,* 144 S.Ct. 395.

U.S. Supreme Court guidance also supports a finding of mootness. The U.S. Supreme Court issued summary disposition granting certiorari in three cases

concerning various federal COVID-19 vaccine mandates with instructions on remand to dismiss the action as moot since the administration rescinded the mandates while the cases were pending before it. Specifically, in *Payne v. Biden* the U.S. Supreme Court held "[t]he judgment is vacated, and the case is remanded … with instructions to dismiss the case as moot." 144 S.Ct. 480; *accord Biden v. Feds for Medical Freedom,* "[t]he judgment is vacated, and the case is remanded … with instructions to direct the District Court to vacate as moot its order granting a preliminary injunction[]" (144 S.Ct. 480) and in *Kendall. v. Doster,* "[t]he judgment is vacated, and the case is remanded … with instructions to direct the District Court to vacate as moot its preliminary injunctions[]" (144 S.Ct. 481). Similar to the facts of this case, the U.S. Supreme Court lifted blocks to the Biden administration's COVID-19 vaccine mandate for federal employees and military service members, instructing the lower courts to dismiss the case or vacate preliminary injunctions as moot since the mandates were rescinded.

This Court should grant *en banc* review and do likewise – dismiss the appeal as moot since it no longer presents a live issue. Otherwise, substantial confusion will be created in the application of the voluntary cessation exception to mootness.

### 1. The Majority's Holding That The Voluntary Cessation Exception To The Mootness Doctrine Applies Creates A Conflict In The Law.

In *Trinity Lutheran Church v. Comer*, 582 U.S. 449 (2017), the U.S. Supreme

Court held that "'voluntary cessation of a challenged practice does not moot a case unless "subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' ..." *Id.* at 457 n. 1. While in *Trinity Lutheran Church* the Supreme Court found the government had not met its burden, "as the basis for this conclusion, the Supreme Court cited to a letter from the respondent which explicitly stated that 'there [was] no clearly effective barrier that would prevent the [respondent] from reinstating [its] policy in the future, relying on evidence of both parties agreeing with its conclusion." *Lewis v Becerra*, 203 WL 3884595, at *11 n. 10. (D.C. 2023) (dismissing lawsuit as moot as the challenged regulation was rescinded).

Here, the majority attempts to rely on similar reasoning, without requisite supporting evidence beyond speculative hyperbole regarding the alleged motivations of Appellees.[1] As this Court and other Circuits have previously held, it is sheer conjecture to assume a pandemic would happen again. *Donovan v. Vance,*

---

[1] In characterizing Appellees' actions as a "pattern" and effort to "tactically manipulate" the Court, the majority cites to the alleged "withdrawal" by LAUSD of the mandate on two occasions and attributes these so-called "reversals of course" to pending litigation. (Dkt. 54-1, Opinion, pp. 13-16.) However, the only evidence in the record shows that Appellants' initial lawsuit was filed just one day before LAUSD pushed out the effective date of the mandate. (Dkt. 54-1, Opinion, pp. 13-16.) This was not a "withdrawal." The mandate was withdrawn just once, following months of careful consideration. There is no evidence that Appellees' actions occurred in response to any lawsuit. (Dkt. 49, pp. 15-16, Serrato Decl., ¶¶3-4; Dkt. 28, pp. Street Decl., Ex. B, p. 25.) The majority's characterization of LAUSD's motive is thus contrary to the record.

70 F.4th 1167, 1171-72 n. 5 (9th Cir. 2023); *Health Freedom Def. Fund v. President of the United States,* 71 F.4th 888, 892 (11th Cir. 2023); *U.S. Navy SEALs 1-26 v. Biden,* 72 F.4th 666 (5th Cir. 2023); *Robert v. Austin,* 72 F.4th 1160 (10th Cir. 2023); *Roth v. Austin,* 62 F.4th 114, 1119 (8th Cir. 2023). Indeed, Appellant Health Freedom Defense Fund has already failed in its attempt to assert the voluntary cessation exception to the mootness doctrine specific to a COVID-19 vaccine mandate in another case. *Health Freedom Def. Fund,* 71 F.4th at 892. There, the Eleventh Circuit held Appellant's challenge to a non-military vaccine mandate was moot and its "contention that there is a reasonable expectation that the CDC will issue another nationwide mask mandate for all conveyances and transportation hubs to be speculative at best." *Id.* Given this split in authority, this Court should review *en banc* the majority's holding that it is reasonable to assume LAUSD's COVID-19 vaccine mandate will be reinstated in the future and the voluntary cessation exception to the mootness doctrine does not apply.

> **2.      Until This Published Opinion, This Court And Other Circuits Agreed That An Appeal Is Moot When The Vaccine Mandate Is Rescinded.**

Until this published opinion, this Ninth Circuit held that challenges to COVID-19 vaccine mandates are moot when those requirements are rescinded. *Donovan,* 70 F.4th at  1171-72 n. 5 ("We reject as meritless Plaintiffs' suggestions that either the 'capable of repetition, yet evading review' or 'voluntary cessation'

exceptions to mootness apply here[]"); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (capable of repetition yet evading review exception applies only to 'classes of cases that, absent an exception, would *always* evade judicial review,' which is not the case here …"); *Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 854 (2023) (holding that the "mere possibility that California might again suspend in-person instruction is too remote to save this case" from mootness).

Numerous other federal courts have agreed with this Ninth Circuit's previous holdings, finding challenges to COVID-19 vaccine mandates are moot when those requirements are ended. *Health Freedom Def. Fund,* 71 F.4th at 892-893 (holding challenge to a non-military vaccine mandate was moot because "there [wa]s no longer any Mandate … to set aside or uphold"); *U.S. Navy SEALs 1-26,* 72 F.4th 666 (dismissing as moot an appeal challenging the military's COVID-19 vaccine mandate following its rescission); *Robert,* 72 F.4th 1160; *Roth,* 62 F.4th at 1119; *Navy Seal 1 v. Austin,* 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *cert. denied sub nom. Creaghan v. Austin,* 2023 WL 6377949 (U.S. Oct. 2, 2023); *Regalado v. Dir., Ctr. for Disease Control,* 2023 WL 239989 (11th Cir. Jan. 18, 2023) (affirming dismissal of case on mootness grounds where the challenged OSHA's COVID-19 vaccine mandate had been "withdrawn"); *Bazzrea v. Mayorkas,* 2023 WL 3958912, at *4, *7 (S.D. Tex. June 12, 2023) (dismissing as moot case challenging the Coast

Guard's COVID-19 vaccine mandate, because the mandate's rescission "eliminated the actual controversy" and precluded "effectual relief"); *Colonel Fin. Mgmt. Officer v. Austin,* 2023 WL 2764767, at *3 (M.D. Fla. Apr. 3, 2023) (dismissing as moot case challenging the military's COVID-19 vaccination mandate because the "mandate no longer exists").

As this Court has held, "[w]e cannot provide relief from" a vaccine mandate because it "no longer exist[s]," and therefore "we hold that this appeal is moot and dismiss." *Donovan,* 70 F.4th at 1171-72. To avoid confusion in the law and a split of authority with other Circuits, this Court should grant *en banc* review and find that since LAUSD's COVID-19 vaccine mandate has been rescinded, this action is moot and dismiss it.

### B. The Critical Question Of Whether An Employer's Vaccine Mandate Implicates A Fundamental Right Or Whether A Rational Basis Review Applies Requires *En Banc* Review.

The majority disregards U.S. Supreme Court precedent and splits with other Circuit decisions to hold that the District Court "misapplies" *Jacobson* and vaccine mandates implicate a fundamental right instead of being subject to a rational basis review. In so doing, the majority argues as follows:

> *Jacobson* held that mandatory vaccinations were rationally related to 'preventing the spread' of smallpox … *Jacobson,* however, did not involve a claim in which the compelled vaccine was 'designed to reduce symptoms in the infected vaccine recipient rather than to prevent transmission and infection.' … The district court thus

13

> erred in holding that *Jacobson* extends beyond its public health rationale-government's power to mandate prophylactic measures aimed at preventing the recipient from spreading disease to others-to also govern 'forced medical treatment' for the recipient's benefit …

(Dkt. 54-1, Opinion, p. 18, citations omitted.)

The majority's application of *Jacobson* should be reviewed *en banc* to avoid substantial confusion in the law. In *Jacobson,* the U.S. Supreme Court upheld a far more sweeping vaccine mandate than that at issue here. There, a regulation was enacted which required all residents of the city to be vaccinated or revaccinated against smallpox. *Jacobson,* 197 U.S. 11. The U.S. Supreme Court held the regulation did not violate any constitutional rights because the government had the authority to enforce the vaccine mandate for the "protection of the public health and the public safety." *Id.* at 31, 39. The U.S. Supreme Court "distinctly recognized the authority of a state to enact quarantine laws and 'health laws of every description'" and declared "the rights of the individual in respect of his liberty may at times, under the pressure of great dangers, be subjected to such restraint, to be enforced by reasonable regulations, as the safety of the general public may demand." *Id.* at 25, 29. In so doing, the U.S. Supreme Court emphasized that "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members," (*Id.* at 27) and that judicial intervention would be appropriate only if the challenged mandate was "arbitrary" or "[had] no real or substantial relation to the

protection of the public health." *Id.* at 28, 31.

Recent Circuit decisions specific to COVID-19 supplement *Jacobson.* In *Klaassen,* students brought a lawsuit against Indiana University challenging the school's COVID-19 vaccine policy. *Kaassen,* 7 F.4th at 592. That policy required all students be vaccinated against COVID-19 unless they were exempt for religious or medical reasons. *Id.* The students sought a preliminary injunction, claiming the policy violated their due process rights. *Id.* Citing *Jacobson,* the Seventh Circuit applied a rational basis review. *Id.* at 593. In so doing, the Seventh Circuit noted that the university's vaccine policy made for an easier case than *Jacobson* because it had religious and medical exceptions, and it required only university attendees to vaccinate, rather than all the citizens of a state. *Id.*

Similarly, in *Lukaszczyk* the Seventh Circuit rejected the argument made by public employees and healthcare workers challenging state and local mandates requiring them to be vaccinated against COVID-19 or be subject to disciplinary action and termination, claiming the policies violated their substantive due process. 47 F.4th 587. In so doing, the Seventh Circuit held that courts should be reluctant to expand the concept of substantive due process. *Id.* at 601-02. Instead, just like in *Klaassen,* the Seventh Circuit rejected strict scrutiny and applied rational basis review to the vaccine mandate claims. *Id.*

Despite this, the majority holds the District Court misapplies *Jacobson,*

limiting its scope in conflict with other Circuits that have considered the issue. *Klaassen,* 7 F.4th at 593, *Lukaszczyk,* 47 F.4th at 602; see also *Roman Catholic Diocese v. Cuomo,* 141 S.Ct. 63, 70 (2020) (Gorsuch, concurring) ("Although *Jacobson* pre-dated the modern tiers of scrutiny, this Court essentially applied rational basis review"). *Jacobson* has also continued to be relied upon in other cases. Chief Justice Roberts recently cited it favorably and numerous Circuits have relied on *Jacobson* when addressing issues similar to that before this Court. *S. Bay United Pentecostal Church v. Newsom,* 140 S.Ct. 1613, 1613 (2020) (Roberts concurring in denial of application for injunctive relief); *Chrysafis v. Marks,* 141 S.Ct. 2482 (2021); *Cuomo,* 141 S.Ct. at 70; *FDA v. Am. Coll. Of Obstetricians & Gynecologists,* 141 S.Ct. 10 (2020); *Calvary Chapel Dayton Valley v. Sisolak,* 140 S.Ct. 2603 (2020); *Ill. Republican Party v. Pritzker,* 973 F.3d 760 (7th Cir. 2020) cert. denied 141 S.Ct. 1754 (2021) ("The district court appropriately looked to *Jacobson* for guidance, and so do we"); *We The Patriots USA, Inc. v. Hochul,* 17 F.4th 266, 293-94 n. 35 (2d Cir. 2021) opinion clarified 17 F.4th 368 (2d Cir. 2021) ("*Jacobson* is still binding precedent."); *Big Tyme Invs., L.L.C. v. Edwards,* 985 F.3d 456 (5th Cir. 2021); *Robinson v. Att'y Gen.,* 957 F.3d 1171, 1179 (11th Cir. 2020).

Moreover, the majority's attempt to distinguish *Jacobson* by arguing that the COVID-19 vaccine is different from the smallpox vaccine because it is designed to reduce symptoms rather than to prevent transmission and infection is a distinction

without a meaningful difference. As the District Court aptly explained, "in <u>Jacobson,</u> the Supreme Court articulated the more general finding that the plaintiff had not demonstrated that 'the means prescribed by the state' to 'stamp out the disease of smallpox' had 'no real or substantial relation to the protection of the public health and the public safety.'" (1-EOR-097.) "<u>Jacobson</u> does not require that a vaccine have a specific purpose of *preventing* disease." (1-EOR-097, emphasis in original.)

As the U.S. Supreme Court recognized in *Jacobson,* the "liberty secured by the Constitution … does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint." *Jacobson,* 197 U.S. at 26. Communities have "the right to protect [themselves] against an epidemic of disease which threatens the safety of [their] members." *Id.* at 27. It is not the judiciary's role to determine the most effective method of protecting the public from disease; that responsibility rests on other branches of government. *Id.* at 30. Here, *en banc* review is necessary to correct the majority's overstep in its consideration of the purported efficacy of the COVID-19 vaccine as opposed to the ability to implement those policies to protect the community against the exigencies of the COVID-19 pandemic.

## IV. CONCLUSION

Defendants and Appellees respectfully request their Petition for Rehearing *En Banc* be granted.

Dated:  June 21, 2024                    LITTLER MENDELSON, P.C.

                                         /s/*Connie L. Michaels*
                                         Connie L. Michaels
                                         Carrie A. Stringham
                                         Attorneys for Defendants and
                                         Appellees

**CERTIFICATE OF COMPLIANCE FOR PETITIONS FOR REHEARING**

I certify that pursuant to Ninth Circuit Rules 35-1 and 40-1, the attached Petition for Rehearing *En Banc* is prepared in a format, typeface, and type style that complies with Federal Rule of Appellate Procedure 32(a)(4)-(6) and contains the following number of words: 4,175 (Petitions and responses must not exceed 4,200 words).

Dated:  June 21, 2024                    LITTLER MENDELSON, P.C.

/s/*Connie L. Michaels*
Connie L. Michaels
Carrie A. Stringham
Attorneys for Defendants and
Appellees

19

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 W. Fifth Street, 63rd Floor, Los Angeles, CA 90071.

### PETITION FOR REHEARING EN BANC

I certify that on June 21, 2024, I electronically filed the foregoing document using the appellate CM/ECF system which will send notification of such filing to:

John W. Howard
JW Howard Attorneys, Ltd.
600 W Broadway, Suite 1400
San Diego, CA 92101
Email: johnh@jwhowardattorneys.com
Email: sstreet@jwhowardattorneys.com


George Robinson Wentz Jr.
The Davillier Law Group, LLC
935 Gravier Street
Suite 1702
New Orleans, LA 70112
Email: gwentz@davillierlawgroup.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 21, 2024 at Los Angeles, California.

_____
Denise Trotta

4