**No. 22-55908**
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**
_____

Health Freedom Defense Fund *et al.*,

*Plaintiffs-Appellants*,

v.

Megan K. Reilly *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-08688-DSF-PV
Hon. Dale S. Fischer
_____

**RESPONSE TO PETITION FOR REHEARING *EN BANC***
_____

Scott J. Street (Cal. Bar No. 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

*Attorneys for Appellants Health Freedom
Defense Fund et al.*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES…………………………………………………………………ii

INTRODUCTION…………………………………………………………………….1

THE PANEL WAS IN THE BEST POSITION TO DECIDE WHETHER LAUSD RESCINDED THE VACCINE POLICY TO AVOID AN UNFAVORABLE RULING AND ITS CONCLUSION SHOULD HOLD…………………………...3

THE PANEL MAJORITY DID NOT CREATE A NEW FUNDAMENTAL RIGHT OR MISAPPLY THE MOTION TO DISMISS STANDARD……………7

CONCLUSION……………………………………………………………………...15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013)……………………………………………………..5

*Big Tyme Invs., L.L.C. v. Edwards*,
    985 F.3d 456 (5th Cir. 2021)……………………………………………12

*Children's Health Def., Inc. v. Rutgers, the State Univ. of New Jersey*,
    93 F.4th 66 (3d Cir. 2024)………………………………………………13

*Clark v. Jackson*,
    No. 22-5553, 2023 WL 2787325 (6th Cir. Apr. 5, 2023)…………………13

*Compassion in Dying v. State of Wash.*,
    79 F.3d 790 (9th Cir. 1996) (en banc) …………………………….……...8-9

*C.R. v. Eugene Sch. Dist. 4J*,
    835 F.3d 1142 (9th Cir. 2016) …………………………………………... 8

*Coons v. Lew*,
    762 F.3d 891 (9th Cir. 2014)…………………………………………...8

*Cruzan by Cruzan v. Director, Missouri Dept. of Health*,
    497 U.S. 261 (1990)……………………………………………………8-9

*EEOC v. Ind. Bell Tel. Co.*,
    256 F.3d 516 WL 717685 (7th Cir.2001) (en banc)…………………………4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000)……………………………………………………5

*Guertin v. State*,
    912 F.3d 907 (6th Cir. 2019)…………………………………………...9

ii

*Hart v. Massanari*,

    266 F.3d 1155 (9th Cir. 2001)……………………………………...10

*Health Freedom Def. Fund, Inc. v. City of Hailey, Idaho*,

    590 F. Supp. 3d 1253 (D. Idaho 2022)………………………………8

*Ill. Republican Party v. Pritzker*,

    973 F.3d 760 (7th Cir. 2020)…………………………………………12

*In re Barakat*,

    73 B.R. 672 (Bankr. C.D. Cal. 1994) ………………………………... 4

*In re Burrell*,

    415 F.3d 994 (9th Cir. 2005)…………………………………………7

*Jacobson v. Massachusetts*,

    197 U.S. 11 (1905)………………………………………..…………2

*Kheriaty v. Regents of the University of California*,

    No. 22-55001, 2022 WL 17175070 (9th Cir. Nov. 23, 2022)…………...13

*Klaassen v. Trustees of Indiana University*,

    7 F.4th 592 (7th Cir. 2021)…………………………………………10

*Knox v. Service Employees International Union, Local 1000*,

    567 U.S. 298 (2012)…………………………………………………5

*Los Angeles Cty. v. Davis*,

    440 U.S. 625 (1979)…………………………………………………4

*Lukaszczyk v. Cook County*,

    47 F.4th 587 (7th Cir. 2022)………………………………………10-12

*Makaeff v. Trump Univ., LLC*,

    736 F.3d 1180 (9th Cir. 2013)…………………………..……………...4

*Norris v. Stanley*,

    73 F.4th 431 (6th Cir. 2023)………………………………………..13

iii

*O'Connor v. Donaldson*,

    422 U.S. 563 (1975)…………………………………………………………..10

*Roe v. Wade*,

    410 U.S. 179 (1973)…………………………………………………………8

*Robinson v. Attorney General*,

    957 F.3d 1171 (11th Cir. 2020)……………………………………….…12

*Speech First, Inc. v. Schlissel*,

    939 F.3d 756 (6th Cir. 2019)……………………………………………...6

*Trinity Lutheran Church of Columbia, Inc. v. Comer*,

    137 S. Ct. 2012 (2017)………………………………………………………5

*United States v. Am.-Foreign S. S. Corp.*,

    363 U.S. 685 (1960)………………………………….………….……….4

*United States v. Hardesty*,

    958 F.2d 910, 912 (9th Cir.) ……………………………………….…12

*United States v. Munsingwear*,

    340 U.S. 36 (1950)…………………………………………………..7

*Viemester v. White*,

    179 N. Y. 235 (N.Y. App. 1904)…………………………………...13

*Ward v. San Diego Cnty.*,

    791 F.2d 1329 (9th Cir. 1986)……………………………………….7

*Washington v. Glucksberg*,

    521 U.S. 702 (1997)………………………………………………………8

*We The Patriots USA, Inc. v. Hochul*,

    17 F.4th 266 (2d Cir. 2021)……………………………….………….12

*Williams v. Santiago*,

    No. 116-CV-01065-MJSPC, 2016 WL 6494268

    (E.D. Cal. Nov. 1, 2016)…………………………………………...10

iv

*Winter v. Natural Resources Defense Council, Inc.*,

     555 U.S. 7 (2008)…………………………………………………………..11

*Yarls v. Bunton*,

     905 F.3d 905 (5th Cir. 2018)………………………………………………...6

**<u>Statutes</u>**

26 USC § 4132………………………………………………………..…………2

## INTRODUCTION

Appellants filed this case after the Los Angeles Unified School District ("LAUSD") rescinded a mandatory COVID-19 vaccination policy—a decision it used to get a similar case dismissed—and then quickly adopted a new policy (the "COVID Vaccine Policy") that was more restrictive than the first one. This time, LAUSD did not rescind the policy. It stuck with the policy for more than two years. It defended the policy in litigation, including in this Court.

That is, until the day of oral argument, in September 2023, when, after a humiliating argument, LAUSD acted hastily to rescind the policy. The panel majority described the suddenness of that decision in detail. Its discussion included evidence that LAUSD's appellate counsel, while leaving the podium after that argument, snarled to Appellants' counsel: "What are you going to do when we rescind the mandate?"

That comment did not sit well with the panel majority. It should not sit well with the rest of this Court either. Neither should the hastiness that LAUSD showed in rescinding the COVID Vaccine Policy. Its actions are precisely the type of voluntary cessation that this Court and the Supreme Court have said do *not* moot a case.

Thus, it would be a mistake for this Court to grant rehearing *en banc* just to dismiss the case as moot. That is not what *en banc* review was designed for. If the

1

panel believed that LAUSD had acted in good faith, and would not engage in the

challenged actions again, it would have said so. It did not. It found the opposite.

The Court should respect its decision.

There is no other basis to grant rehearing *en banc*, either. The panel majority

did not create a new fundamental right, as Appellees contend. Individuals have a

right to reject compulsory medical treatment. That is a fundamental right that has

been recognized for decades. It is an interest in bodily autonomy, the right to

choose what to do with one's own body, a part of the constitutional right to

privacy. And that is one of the key differences between this case and *Jacobson v.*

*Massachusetts*, 197 U.S. 11 (1905), which involved a smallpox vaccine.

Unlike in *Jacobson*, Appellants specifically alleged that the COVID-19

shots fail to prevent infection and, therefore, that the shots are medical treatments

(not vaccines) that, under settled law, they have a fundamental right to object to.

That is not "pseudo-science" but a factual allegation that, as the panel majority

correctly concluded, must be accepted as true at the motion to dismiss stage. And it

is consistent with longstanding circuit precedent.[1]

There is also no merit to Appellees' argument that the panel majority

misapplied the standard of review that governs motions to dismiss a substantive

---

[1] These allegations are also consistent with a federal law, which did not exist in 1905, that says "'vaccine' means any substance designed to be administered to a human being for the *prevention* of 1 or more diseases." 26 USC § 4132(a)(2).

due process claim. This Court has a long history of adjudicating such claims when they involve a fundamental liberty interest like the autonomy-based privacy right to reject medical treatments. It applies a balancing test that, under these circumstances, requires factual development. Other courts have recognized that, too. That discovery has not happened yet.

LAUSD believes it is above the law. That is clear. It does not want any court to conduct meaningful judicial review of its decisions, even when they implicate its employees' interest in bodily autonomy. That is why it has tried so hard to avoid going back to the District Court. That is why it took the extraordinary step of maintaining its vaccine policy long after others and why it only rescinded the policy after a disastrous argument that it knew would lead to an adverse ruling.

The Court should not spend its time defending such actions. It should deny the petition for rehearing *en banc* so this case can return to the District Court for further factual development.

**THE PANEL WAS IN THE BEST POSITION TO DECIDE WHETHER LAUSD RESCINDED THE VACCINE POLICY TO AVOID AN UNFAVORABLE RULING AND ITS CONCLUSION SHOULD HOLD**

As an initial matter, the Court should deny Appellees' request to grant rehearing *en banc* simply so it can dismiss the case as moot.

*En banc* review is an "extraordinary procedure intended to bring to the attention of the entire court an issue of exceptional public importance or a panel decision that allegedly conflicts with precedent of the Supreme Court or the circuit." *In re Barakat*, 173 B.R. 672, 677 (Bankr. C.D. Cal. 1994), subsequently aff'd, 99 F.3d 1520 (9th Cir. 1996). Thus, *en banc* review is the "exception, not the rule." *United States v. Am.-Foreign S. S. Corp.*, 363 U.S. 685, 689 (1960); *accord Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013) (Wardlaw, Callahan, Fletcher, and Gould, JJ., concurring in denial of *en banc* review).

Appellees have not come close to showing that the panel's decision on mootness meets that high standard. They believe the panel reached the wrong result, but "we do not take cases *en banc* merely because of disagreement with a panel's decision …." *EEOC v. Ind. Bell Tel. Co.*, 256 F.3d 516, 2001 WL 717685, at *11 (7th Cir.2001) (en banc) (Posner, J., concurring in denial of *en banc* review). Even if that were sufficient to grant *en banc* review, Appellees are wrong. The panel did not misapply the law. It applied the law faithfully and reached a reasoned decision about the effect of LAUSD's extraordinary actions to evade an adverse judicial opinion.

Under established law, the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does *not* make the case moot." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979)

4

(emphasis added). Indeed, the Supreme Court has held that the voluntary cessation doctrine prohibits a finding of mootness unless "subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotations omitted).

That is a high standard, and the party trying to meet it bears a "formidable burden" to show it. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). For example, in *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017), the Supreme Court held that the Governor of Missouri's decision to let religious organizations compete for state grants on the same terms as secular organizations, after previously prohibiting it, did not meet the State's "'heavy burden' of making 'absolutely clear' that it could not revert to its policy of excluding religious organizations." Similarly, in *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298, 307 (2012), the Supreme Court found that the case was not moot, despite the SEIU's voluntary cessation of challenged conduct, "since the union continues to defend the legality of the Political Fight-Back fee …."

The same reasoning applies here. The panel majority recognized that. It explained why. It emphasized that LAUSD did not move to rescind its vaccine policy until after a disastrous oral argument that led Appellees and their counsel to

believe (correctly) that an adverse ruling would follow. Ninth Circuit ECF 54-1 at 15-17; *see also id.* at 5-12 (describing these facts in detail). It noted that LAUSD had done this before, suggesting that it did not act in good faith and that the mere act of rescinding the policy did not make it clear that LAUSD would not institute it again. *Id.* at 13-14. And it appropriately distinguished between this situation, where the government agency's leaders expressed no regret and said they would happily institute the challenged policy again, with cases in which the government abandoned the challenged policy in good faith, with no intention of reimposing it, and where the same panel unanimously found the case to be moot. *See id.* at 16 (discussing those cases).

That reasoning is in line with other decisions. *See Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018) (discussing litigation posturing in mootness analysis); *see also Speech First, Inc. v. Schlissel*, 939 F.3d 756, 768 (6th Cir. 2019) (discussing same issues and saying that party's burden increases "when it acts in response to developments in litigation" to moot a case). And it reflects common sense. As pleaded, this case does not seek monetary damages. It seeks declaratory and injunctive relief. What message does it send to let LAUSD moot those requests for relief by rescinding its policy under these circumstances? It would not be a good one, especially not through *en banc* review.

If a majority of the Court's judges believe so strongly otherwise, the proper result would be to vacate the district court's decision under *United States v. Munsingwear*, 340 U.S. 36, 39 (1950). *See In re Burrell*, 415 F.3d 994, 1000 (9th Cir. 2005) (ordering vacatur when "the appeal has become moot through no act of the party seeking relief" on appeal). That would allow Appellants to seek their costs and legal fees as the prevailing party. *Ward v. San Diego Cnty.*, 791 F.2d 1329, 1334 (9th Cir. 1986).

But even that would go too far. The Court should not submit its judgment for the panel's judgment, especially a panel that considered multiple mootness arguments, in different cases, around the same time. Put simply, the panel was in the best position to decide the effect of LAUSD's belated rescission of the COVID Vaccine Policy. It issued a reasoned decision that was supported by the facts and grounded in the law. Reviewing that decision *en banc* would be a mistake and a waste of this Court's limited resources.

## THE PANEL MAJORITY DID NOT CREATE A NEW FUNDAMENTAL RIGHT OR MISAPPLY THE MOTION TO DISMISS STANDARD

There is also no merit to Appellees' argument that *en banc* review is needed to maintain uniformity of this Court's substantive due process decisions.

"To state a substantive due process claim, a plaintiff must allege (1) a valid liberty or property interest, (2) which the government infringed in an arbitrary or

irrational manner." *Health Freedom Def. Fund, Inc. v. City of Hailey, Idaho*, 590 F. Supp. 3d 1253, 1265 (D. Idaho 2022). Identifying the right that was violated is critical in a substantive due process case. "Certain rights or liberties have been deemed 'fundamental,' so they receive greater protection." *Id.* at 1265-66.

This case involves the interest in bodily autonomy, the right to choose what to do with one's body, which is an aspect of the constitutional right to privacy. Numerous cases have recognized this interest as a fundamental one that is protected by the substantive component of the Due Process Clause. *See id.* (citing *Washington v. Glucksberg*, 521 U.S. 702, 725 (1997) and *Cruzan by Cruzan v. Director, Missouri Dept. of Health,* 497 U.S. 261, 278 (1990)); *see also C.R. v. Eugene Sch. Dist. 4J,* 835 F.3d 1142, 1154 (9th Cir. 2016) ("Generally speaking, substantive due process protects an individual's fundamental rights to liberty and bodily autonomy."); *Coons v. Lew*, 762 F.3d 891, 899 (9th Cir. 2014) (same).

That is critical, as something greater than rational basis review applies when government action burdens a fundamental right, including the right to privacy/bodily autonomy. *See Roe v. Wade*, 410 U.S. 179, 213 (1973) (Douglas, J., concurring); *see also Compassion in Dying v. State of Wash.*, 79 F.3d 790, 799 (9th Cir. 1996) (en banc), as amended (May 28, 1996) (reversed on other grounds in *Glucksberg*) (noting that "in cases like the one before us, the courts must apply a balancing test under which we weigh the individual's liberty interests against the

relevant state interests in order to determine whether the state's actions are constitutionally permissible").

     *Jacobson* did not hold otherwise. In fact, *Jacobson* has been misconstrued repeatedly, and stretched far beyond its narrow holding, during the past few years. Between 1952 and 1996, this Court did not cite *Jacobson* at all. It resurrected the case in 1996, in its opinion in the *Glucksberg* right-to-die case, but did so to justify the use of a higher standard than rational basis review, saying: "The Court has been applying a balancing test in substantive due process cases at least since 1905, when in *Jacobson v. Massachusetts* … 'the Court balanced an individual's liberty interest in declining an unwanted smallpox vaccine against the State's interest in preventing disease.'" *Compassion in Dying*, 79 F.3d at 799 (quoting *Cruzan*, 497 U.S. at 278); *see also id.* at 804 (noting "the Court's ninety-year-old practice of using a balancing test in liberty interest cases that raise important issues of the type before us" instead of rational basis review).

     This was not the only court to reach that conclusion. The Sixth Circuit has also cited *Jacobson* in finding that a competent adult has a constitutional right to refuse unwanted medical treatment. *Guertin v. State*, 912 F.3d 907, 920 (6th Cir. 2019). And, in 1990, the Supreme Court cited *Jacobson* as a case in which "the Court balanced an individual's liberty interest in declining an unwanted smallpox vaccine against the State's interest in preventing disease." *Cruzan*, 497 U.S. at 278;

*see also O'Connor v. Donaldson*, 422 U.S. 563, 582-83 (1975) (Burger, C.J., concurring) (citing *Jacobson* when explaining that "a State may confine individuals solely to protect society from the dangers of significant antisocial acts or communicable disease").

This Court has never disavowed that reasoning, which the late Judge Reinhardt discussed so eloquently in the *Compassion in Dying* opinion. Neither has the Supreme Court, although it reversed the judgment in *Glucksberg* by reaching a different conclusion based on the factual record that was generated there. And courts in this circuit have continued to refer to *Jacobson* and similar cases as "balancing" cases. *See, e.g., Williams v. Santiago*, No. 116-CV-01065-MJSPC, 2016 WL 6494268, at *3-4 (E.D. Cal. Nov. 1, 2016).

The cases cited in the petition did not hold otherwise. The only cases Appellees discussed in detail were *Lukaszczyk v. Cook County*, 47 F.4th 587 (7th Cir. 2022), and *Klaassen v. Trustees of Indiana University*, 7 F.4th 592 (7th Cir. 2021), two opinions issued by the Seventh Circuit that Appellees cited in their prior briefing. Neither opinion was issued by a Ninth Circuit panel, though, so neither opinion creates the intra-circuit conflict necessary to justify *en banc* review. *See Hart v. Massanari*, 266 F.3d 1155, 1179 (9th Cir. 2001) (explaining when *en banc* review is appropriate).

10

Moreover, the panel appropriately declined to follow *Lukaszcyk* and *Klaasen*. Neither case discussed the procedural issues raised in this appeal. Both affirmed a district court's denial of the plaintiffs' motion for a preliminary injunction, a high standard in which the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). Given that high standard, and the discretionary standard of appellate review (clear error), it is no surprise that the Seventh Circuit denied the plaintiffs' motion for an injunction pending appeal with little analysis (and just a short opinion) in *Klaassen*.

*Lukaszczyk* involved a more thoughtful analysis, but it does not conflict with the panel's decision from this case, as Appellees contend. In fact, its opinion echoes the opinion issued here, with the Seventh Circuit explaining that *Jacobson* was both "factually distinguishable" because of the differences between COVID-19 and smallpox and "legally and historically distinguishable" because it predated the modern forms of constitutional scrutiny, as well as the Supreme Court's development of substantive due process law and the right to privacy/bodily autonomy. *Lukaszczyk*, 47 F.4th at 600-01. Thus, *Lukaszczyk* does not support Appellees' argument that, under *Jacobson*, vaccination policies are always lawful

11

and that courts can never exercise judicial review when somebody questions them. To the contrary, *Lukaszczyk* held that, while "*Jacobson* instructed that in emergency circumstances courts defer to the executive and legislative branches," courts "do not abdicate their constitutional role. If a policy has 'no real or substantial relation to its ends, the Court in *Jacobson* reasoned, courts had a duty to intervene." *Id.* at 601 (quoting *Jacobson*, 197 U.S. at 31).

Far from creating a split in authority, the Seventh Circuit's opinion in *Lukaszczyk* is consistent with the panel majority's opinion. So is *Robinson v. Attorney General*, 957 F.3d 1171, 1179 (11th Cir. 2020), a case that Appellees cited but which held that *Jacobson's* ruling "was not an absolute blank check for the exercise of governmental power." *En banc* review is not appropriate where an alleged "conflict may be reconciled or avoided." *United States v. Hardesty*, 958 F.2d 910, 912 (9th Cir.), on reh'g, 977 F.2d 1347 (9th Cir. 1992).[2]

The amici's arguments do not help Appellees. They misquoted pages 34 and 35 of *Jacobson*, attributing those findings to the Supreme Court when, in fact, the

---

[2] None of the cases cited in the string cite on page 16 of the petition held otherwise. None involved a substantive due process claim like the one alleged here. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 273-74 (2d Cir. 2021), opinion clarified, 17 F.4th 368 (2d Cir. 2021) (per curiam) (discussing Free Exercise Clause and Supremacy Clause); *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 460 (5th Cir. 2021) (Equal Protection Clause); *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (Free Speech Clause). In fact, one of the cases cited on page 16 supports the panel majority's interpretation of *Jacobson*, holding that, "just as constitutional rights have limits, so too does a state's power to issue executive orders limiting such rights in times of emergency." *Robinson v. Attorney General*, 957 F.3d 1171, 1179 (11th Cir. 2020).

first Justice Harlan (*Jacobson's* author) was describing how a New York appellate court had ruled in a different case. *See Jacobson*, 197 U.S. at 34-35 (discussing *Viemester v. White*, 179 N. Y. 235 (N.Y. App. 1904)). And they omitted *Jacobson's* key limitation: that the Supreme Court "decide[d] only that the statute covers the present case, and that nothing clearly appears that would justify this court in holding it to be unconstitutional and inoperative in its application to the plaintiff in error." *Id.* at 39.

The amici also highlighted decisions from other circuits that rejected claims like these at the pleading stage. Ninth Circuit ECF 57 at 8-9 (citing *Children's Health Def., Inc. v. Rutgers, the State Univ. of New Jersey*, 93 F.4th 66 (3d Cir. 2024)), *Norris v. Stanley*, 73 F.4th 431 (6th Cir. 2023), and *Clark v. Jackson*, No. 22-5553, 2023 WL 2787325 (6th Cir. Apr. 5, 2023)). But none of them properly recognized, much less applied, *Jacobson* as a balancing test. Their errors do not justify *en banc* review. Neither does the two-page memorandum disposition issued in *Kheriaty v. Regents of the University of California*, No. 22-55001, 2022 WL 17175070 (9th Cir. Nov. 23, 2022), another case that failed to recognize or apply *Jacobson's* balancing test (and which Appellees did not mention in the petition).

Put simply, Appellees and their amici are wrong when they say that the panel majority misapplied *Jacobson* and created a conflict within this circuit. It did not. It interpreted *Jacobson* the same way the Seventh Circuit did in *Lukaszczyk*,

13

the same way the Eleventh Circuit did in *Robinson*, and the same way this Court did before the pandemic. It correctly applied the motion to dismiss standard. It correctly accepted Appellants' allegation that the COVID-19 shots do not prevent infection as true and thus concluded, as a pleading matter, that the shots were medical treatments, things that, at best, have only a private health benefit and that, under settled law, people have a fundamental autonomy-based right to object to. And it appropriately determined that a court could not conduct the balancing test necessary to decide this case on the pleadings.

The panel majority did everything right. It understood its limited role in reviewing a pleading motion. It recognized the deference that courts show to governments acting to protect the public in an emergency while acknowledging that, under modern constitutional law, individuals have a right to challenge those policies, especially after the emergency fades.

Granting *en banc* review would set a poor precedent. It would signal that every panel opinion, even one on an issue as routine as a pleading challenge, is subject to the full Court's review so long as the government is a party and complains hard enough about the panel's decision. That is not proper. It would dramatically expand the scope of *en banc* review. And it is unnecessary. This case is not over. It just started. And while it raises important constitutional questions, those questions should be litigated on a full record, as they were in *Glucksberg*.

14

That is how constitutional law evolves. It does not evolve by kicking every plaintiff out of court, in disregard of settled pleading rules and through *en banc* review when the government does not get its way with the panel. And while Appellees and their amici speculate about the harm that will flow from the panel's opinion, such speculation does not justify *en banc* review. The proper course is to deal with new cases as they arise, giving the proper consideration to the law and facts involved, in the proper context, not to anticipate and create conflicts and harms that may never exist.

## CONCLUSION

For the foregoing reasons, the Court should deny the petition for rehearing *en banc*. Respectfully submitted,

Date: July 29, 2024

JW HOWARD/ATTORNEYS, LTD.

*s/ Scott J. Street*
Scott J. Street

*Attorneys for Appellants Health Freedom Defense Fund et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s) 22-55908**

I am the attorney or self-represented party.

**This brief contains 3,614 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature:** *s/ Scott J. Street*        **Date:** July 29, 2024

16

## CERTIFICATE OF SERVICE

***Health Freedom Defense, et al.  v. Megan K. Reilly, et al.***
**U.S. COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**
**Case No. 22-55908**

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On July 29, 2024, I caused the **RESPONSE TO PETITION FOR REHEARING EN BANC** to be filed and served via the Court's Electronic Service upon the parties listed on the Court's service list for this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 29, 2024 at San Diego, California.

*/s/ Dayna Dang*_____
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com

17